IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSALINA VELAZQUEZ,

Petitioner,

OPINION AND ORDER

16-cv-561-bbc
12-cr-62-bbc

v.

UNITED STATES OF AMERICA,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Rosalina Velazquez has moved for post conviction relief under 28 U.S.C. § 2255, contending that she was sentenced improperly for conspiracy to possess with intent to distribute five kilograms of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1). She believes that she is entitled to a reduction in her 108-month sentence in light of the United States Sentencing Commission's adoption of Amendment 794, which became effective on November 1, 2015. Amendment 794 applies to U.S.S.G. § 3B1.2, which addresses mitigating role in an offense and makes it somewhat easier for a defendant to qualify for a mitigating role in the offense and receive a lower sentence.

After reviewing petitioner's motion, I conclude that it must be denied because Amendment 794 has not been made retroactively applicable to petitioner's September 2013 sentence. It applies to new sentences (and possibly to old sentences on direct appeal), but not to sentences that have become final, as petitioner's has.

## RECORD FACTS

Petitioner Rosalina Velazquez was charged under 21 U.S.C. § 841(a)(1) with conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 846. She entered a plea of guilty and was sentenced to a term of 108 months. She appealed her sentence and the court's denial of her request for a two-level reduction in her sentencing guideline range for her allegedly minor role in the offense, but her appeal was unsuccessful. The court of appeals found that she had not been a minor player in the scheme to distribute drugs, but an active participant.

## OPINION

As both this court and the Court of Appeals for the Seventh Circuit found, petitioner played a critical role in the conspiracy. She was the keeper of the drug ledger and an adviser to her husband, who played a central role, alerting him to potential customers, keeping him apprised of the conspiracy's drug debts, as well as advising him on the best cars to use for drug deliveries, the prices to charge and the collection of drug debts. In addition, she was the one who told her husband not to store drugs or money in their house. Ct. App. Order, dkt. #236-1. In light of these facts, petitioner would not qualify for an adjustment in her guideline range even if she were being sentenced today under the newly revised version of § 3B1.2.

In any event, petitioner has not shown that Amendment 794 applies to her or to any

other defendant whose sentence has been upheld previously on direct appeal. She relies on United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), a case decided by the Court of Appeals for the Ninth Circuit, in which the court applied the new guideline for minor role reduction on a direct appeal from the sentence. In Quintero-Leyva, the court stated explicitly that its decision did not address "whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." Id. at 521 n.1. Even assuming that the Court of Appeals for the Seventh Circuit agrees with the Ninth Circuit that Amendment 794 applies to a case pending on direct appeal, petitioner appealed her sentence and lost two years ago. She has no right to a second appeal. In addition, nothing in the new version of U.S.S.G. § 3B1.1's Application Notes supports, let alone requires, a lower sentence for petitioner than the one she received in 2013. Petitioner's function in the drug conspiracy was not a limited one, as contemplated by the Note. Her participation went beyond simply transporting or storing drugs and may be held accountable for more than the drugs she personally transported or sold. Her petition for post conviction relief must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless she first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Rosalina Velazquez's motion for post conviction relief is DENIED. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 25th day of August, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge